IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRIC OF ALASKA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ROGER ALLAN HOLMBERG SR.

        Defendant.

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A CRIMINAL COMPLAINT

      I, Michael Harkless, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND BACKGROUND

      1.     I make this affidavit in support of an application for a criminal complaint and arrest warrant for **Roger Allan Holmberg Sr** (hereinafter "SUBJECT"). An investigation has revealed that there is probable cause to believe that the SUBJECT has committed violations of Title 18 United States Code § 113 (assaults within maritime and territorial jurisdiction).

      2.     I am familiar with the information contained in this affidavit based upon the investigation I have conducted, in conjunction with other federal, state, and local law enforcement officials, which has included exchanging information with law enforcement officers and others; reviewing notes, reports, database records and other information



acquired during this investigation; and reviewing evidence obtained therefrom; and interviewing witnesses.

3.      Because I submit this affidavit for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me or the government. I have only included those facts necessary to establish probable cause to believe that SUBJECT has committed a violation of 18 U.S.C. § 113.

4.      I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI). I have been a SA with the FBI for approximately two years. I am currently assigned to the Violent Crime squad in the FBI's Anchorage Field Office. Prior to employment with the FBI, I served as an active-duty Army officer from May 2011 to January 2022.

5.      As part of my FBI duties in the VC Squad I investigate and assist with investigations in criminal violations of federal law, to include federal sex trafficking and prostitution offenses, racketeering offenses, bank robberies, firearms violations, and the Controlled Substances Act. I also investigate violations of federal law occurring in the Special Aircraft Jurisdiction of the United States as part of my duties as an Airport Liaison to Ted Stevens International Airport.

## RELEVANT STATUTES AND REGULATIONS

6.      The relevant statutory authority and terms used in this affidavit and its attachments are described and defined below.

a.      18 U.S.C. § 113, states: Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished



as follows:…(5) Simple assault, by a fine under this title or imprisonment for not more than six months, or both, or if the victim of the assault is an individual who has not attained the age of 16 years, by fine under this title or imprisonment for not more than 1 year, or both.

**INITIAL REPORT**

4.      On July 2, 2024, at approximately 5:50 p.m., your affiant received a phone call from FBI Anchorage's Operations Center regarding a complaint that a husband had struck his wife on a flight coming due to land in Anchorage at approximately 6:41pm.

5.      Alaska Airlines flight 275, plane registration number N319AS, departed from Seattle, WA on July 2, 2024, and was scheduled to arrive in Anchorage at approximately 6:40 p.m. that same day.

6.      While in flight, the crew became aware that a male passenger had struck a female passenger in the head and notified law enforcement.

**WITNESS ONE INTERVIEW BY ANCHORAGE AIRPORT POLICE (AAP)**

7.      A witness (AS) stated hearing a disturbance between a male and female passenger behind AS in the first-class cabin. AS heard a woman say, "You cannot be doing that." AS reported that he realized SUBJECT had hit another female passenger in the head and then headed to the first-class lavatory.

8.      When SUBJECT exited the lavatory, AS confronted SUBJECT and advised SUBJECT, "if there were any further incidents, we would put him in handcuffs." SUBJECT stopped his disruptions at this point.



9.      AS spoke with the senior flight attendant who stated SUBJECT had previously been disruptive to victim prior to this incident.

## WITNESS TWO INTERVIEW BY AAP

10.     A second witness (MC) observed three incidents between SUBJECT and victim.

11.     During the first event, SUBJECT stated to wife, "How the hell did you get the upgrade?" Victim replied, "I'm gold point member. Don't speak to me like that."

12.     During the second event, SUBJECT handed his phone to victim from aisle, told victim to read that, and then gave victim the finger.

13.     During the third event, MC was sitting in the seat when SUBJECT pushed in front of MC and attempted to swing his arm towards victim. MC leaned forward to block the attempted strike, but SUBJECT still appeared to strike the top of victim's head with his hand. Victim later told MC that SUBJECT had previously been abusive and had broken victim's finger in the past.

## VICTIM INTERVIEW BY AAP

14.     The victim stated the following to AAP Officer Barnes during an interview. That SUBJECT had a history of abusing her and had broken victim's finger in an incident last September. Regarding the assault, victim stated that SUBJECT struck her in the head with the back of his knuckles while she was seated in the first class cabin during the flight. Victim also reported that SUBJECT knew victim had epilepsy and that contact to victim's head could cause a seizure.

15. The victim stated that she had thought about reporting the abuse in the past but never did. However, after this incident she wanted to report it.

16. Officer Barnes of the AAP noted that victim did not have any noticeable bruising, cuts, swelling, or bleeding where SUBJECT struck her. Officer Barnes also noted that victim's finger was bandaged.

### SUBJECT INTERVIEW BY AAP & FBI

17. SUBJECT was interviewed by Officer Barnes and your affiant inside AAP's interview room. After notice of his Miranda Rights, SUBJECT agreed to answer questions.

18. SUBJECT reported he was travelling with his wife (victim) from Virginia to meet SUBJECT's friend for an event related to their ministry. SUBJECT and victim reside in Virginia.

19. SUBJECT knew victim for approximately 20 years and the two had been married for approximately a year and a half following the passing of SUBJECT's previous wife.

20. SUBJECT and victim had been going to marriage counseling. SUBJECT stated victim was disrespectful to him often and had anger issues. Victim had grabbed his leg in the past while SUBJECT was driving a vehicle and broke her finger. SUBJECT also stated victim had grabbed his genitals in the past with such force that SUBJECT was in pain.

21. SUBJECT stated being upset that victim had been upgraded to first class because he wanted his wife to travel with him and sit next to him. Although he was upset, he stated he was not a violent person and did not intend to hurt his wife.

22. SUBJECT stated he tapped his wife on the head in passing to get her attention. SUBJECT physically demonstrated tapping the wall with an open hand to Officer Barnes and your affiant.

23. SUBJECT was not sure how others would interpret his interactions with his wife. He had been confronted by a police officer on the plane and insisted he did nothing wrong.

## ARREST

24. SUBJECT was arrested for simple assault and transported to Anchorage Correctional Center.

## CONCLUSION

22. Based upon the information above, your affiant submits that there is probable cause to believe that ROGER ALLAN HOLMBERG SR, committed simple assault in a within territorial jurisdiction of the United States, in violation of 18 U.S.C. § 113(a)(5).

Michael Harkless
Special Agent, FBI

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41(d)(3) on this 3rd day of July, 2024.

HON. MATTHEW M. SCOLE
Chief United States Magistrate
Judge District of Alaska
Anchorage, Alaska